**MA`AVE I`AULUALO,**

**v.**

**LILI`I I`AULUALO.**

High Court of American Samoa
Trial Division

LT No. 15-97

October 7, 1997

Before: KRUSE, Chief Justice, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Katopau T. Ainu`u
         For Defendant, *Pro Se*

Plaintiff Ma`ave I`aulualo ("Ma`ave") and defendant Lili`i I`aulualo ("Lili`i") are members of the I`aulualo family of Afono village. Ma`ave seeks a preliminary injunction against Lili`i to enjoin the latter from encroaching upon a certain portion of family land known as "Togafa`itele," which Ma`ave claims was previously designated for his use and occupation by the late *sa`o* (senior matai) of the family I`aulualo Fatu.

## Facts

The facts are that Ma`ave had a few years ago hired an earth moving machine to level a certain land area in order to provide himself a house site. In preparing the site, Ma`ave expended approximately $1,900 for the hire of the machine and village labor. His landscaping actions were taken in accordance with the late *sao`s* exercise of *pule*[1] designating Ma`ave the now disputed area. Furthermore, the clearing and leveling was also undertaken with the physical presence of Lili`i and his apparent support.

After the death of the *sa`o*, the I`aulualo title has been vacant since the death of I`aulualo Fatu, Lili`i developed second thoughts about Ma`ave's home site and began to go on the disputed site himself to clear overgrowth and plant coconut trees. When he was confronted by Ma`ave, Lili`i simply suggested to maintain the status quo until a new matai is appointed and qualified. Lili`i essentially asked the court for the same thing, that is, to maintain the status quo and to remand the matter back to the family for matai action in the future. We summarily declined Lili`i's request to effectively condone his interim self-help action. We took up Ma`ave's petition.

Lili`i's justification for going on the disputed area is that Ma`ave has not yet built his house and that he has left the land idle for too long. He additionally, asserts that it is he who is living in Afono (Ma`ave lives in the village of Vatia in the neighboring cove) and attending to family affairs.

## Discussion and Conclusions

■ The preliminary injunction should be granted. Ma`ave has shown "sufficient grounds," pursuant to the requirements of A.S.C.A. § 43.1301(g) and (j), for interlocutory relief. First, we are satisfied that

---

[1] "*[P]ule* is the authority vested in the matai to protect and conserve the family's assets. This authority includes the division, allocation, and reallocation of land to individual family members for their use." *Lutu v. Taesaliali`i*, 11 A.S.R.2d 80, 87 (1989).

Ma`ave has shown greater likelihood at prevailing at trial than has Lili`i. The evidence reveals that Ma`ave's immediate rights to the disputed area are footed on matai *pule*, while Lili`i's claim appears to rest on the troublesome notion that he holds *pule* in the absence of a family *sa`o*, an alarming notion that can incite quarrels within the family. Indeed, Lili`i's attempts at interfering with Ma`ave's continued access to the disputed area can only be viewed as misguided efforts at usurping *pule*.

Second, we find, in terms of irreparable injury, the equities weighing in favor of Ma`ave. He not only has the clearly better right to immediate use and occupation of the disputed area, but he has also expended a great deal of money and effort in the land. He would certainly suffer cognizable immediate injury, if Lili`i is not enjoined from interfering with his access to the land, whereas Lili`i has absolutely nothing to lose if he is so restrained.

## Order

IT IS THEREFORE ORDERED that Lili`i I`aulualo, his agents, employees, servants, attorneys, representatives, and all those in active concert and participation with them be and are hereby enjoined from in anyway interfering with Ma`ave I`aulualo's access to and use and occupation to that portion of I`aulualo family land, Togafa`itele, cleared and leveled by Ma`ave, pending final resolution of this matter.